IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| LENA KOTLYAR, individually and on behalf of classes of similarly situated individuals, | ) ) ) ) | |
| *Plaintiff*, | ) ) | No. 17-cv-04729 |
| v. | ) ) | Hon. Ruben Castillo |
| THE UNIVERSITY OF CHICAGO MEDICAL CENTER, an Illinois corporation, | ) ) ) ) ) | |
| *Defendant*. | ) | |

## CLASS ACTION COMPLAINT

Plaintiff Lena Kotlyar ("Plaintiff") brings this class action complaint against The University of Chicago Medical Center ("Defendant" or "Medical Center") to stop Defendant's practice of placing unauthorized telephone calls to consumers using a prerecorded or artificial voice, and to obtain redress for all persons injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences and, as to all other matters, upon information and belief including investigation conducted by her attorneys.

## NATURE OF THE ACTION

1. In an effort to collect unpaid bills for medical services, Medical Center, a regional healthcare provider, violated federal law by making unauthorized telephone calls using a prerecorded or artificial voice ("robocalls") to the telephones of individuals throughout the country.

2. By effectuating these unauthorized robocalls, Defendant has violated the called parties' statutory and privacy rights and has caused the call recipients actual harm, not only because the called parties were subjected to the aggravation and invasion of privacy that

1

necessarily accompanies unsolicited automated calls – particularly calls using a prerecorded or non-human artificial voice – but also because the called parties, like Plaintiff, must frequently pay for the calls they receive or incur a usage allocation deduction from their calling plans, notwithstanding that the calls were made in violation of specific legislation on the subject.

3. In order to redress these injuries, Plaintiff, on behalf of herself and two nationwide classes, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), which protects the privacy right of consumers to be free from receiving unsolicited telephone calls using a prerecorded or artificial voice.

4. On behalf of the proposed classes, Plaintiff seeks an injunction requiring Defendant to cease all unauthorized telephone calls using a prerecorded or artificial voice and an award of actual and statutory damages to the class members, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

5. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227.

6. Venue is proper in this District pursuant to 28 U.S.C. 1391(b) because Defendant resides in this District; Defendant regularly conducts business in this District; and because a substantial part of the events concerning the conduct at issue occurred in this District, as Plaintiff received the calls at issue in this District.

## PARTIES

7. Plaintiff is a resident of Illinois.

8. Defendant is a major provider of healthcare services in the Midwest. Defendant is an Illinois corporation with its principal place of business located in Illinois. Defendant is registered in Illinois and conducts business in this District.

## COMMON ALLEGATIONS OF FACT

9. Defendant is a major provider of healthcare services to patients located in the greater Chicago metropolitan area and throughout the Midwest and beyond.

10. Defendant provides its services to patients on a fee-for-service basis, whereby patients agree to pay Defendant through a third-party such as a private insurer, directly out-of-pocket, or by a combination thereof in exchange for Defendant providing its healthcare services.

11. As an ordinary business practice, Defendant collects the telephone numbers of its patients following their admission to Defendant's facilities. Among other purposes, Defendant uses these telephone numbers as part of its automated calling operation to collect on unpaid accounts. Defendant places such automated collection calls through a predictive dialer featuring a prerecorded or artificial voice.

12. In an effort to reduce costs associated with maintaining its automated calling operation, Defendant spurns procedures necessary to confirm that the telephone numbers to which Defendant places robocalls actually belong to the persons who supposedly provided them to Defendant.

13. As a consequence, many of the telephone numbers Defendant receives in connection with its collection operation are inaccurate, or have become inaccurate over time, and result in Defendant routinely placing prerecorded or artificial voice telephone calls to individuals who never consented to be called by Defendant.

14. In addition to being an aggravating invasion of privacy, unsolicited automated telephone calls can actually cost recipients money because called parties such as Plaintiff must frequently pay their cellular telephone service providers for the calls they receive or incur a usage deduction to their cell phone plan, regardless of whether the call is authorized. Further, because cell phones are inherently mobile, Defendant's misdirected calls are not limited to a particular geographic region but are instead received by persons located virtually nationwide.

15. For instance, in or about April 2017, in an apparent effort to collect on a debt owed by a prior patient, Defendant called Plaintiff's cellular telephone, requesting that Plaintiff call back Defendant at its telephone number (844) 843-3594.

16. Plaintiff is not now, nor ever has been, a patient of Defendant, nor has she ever had any other relationship with Defendant.

17. Shortly after receiving the above call, Plaintiff repeatedly had her privacy invaded by Defendant over the following several weeks, receiving numerous additional misdirected calls on her cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect a debt owed by a delinquent patient of Defendant.

18. Exasperated, Plaintiff repeatedly informed Defendant's customer service department that the phone number that Defendant had been calling did not belong to one of Defendant's patients and that Defendant did not have permission to call that number. However, Plaintiff's complaints were repeatedly ignored by Defendant and Defendant's unauthorized robocalls continued unabated.

19. At no time did Plaintiff receive Defendant's services, and at no time did Plaintiff provide Defendant with consent to receive any telephone calls, including any prerecorded or artificial voice calls.

**CLASS ACTION ALLEGATIONS**

20. Plaintiff brings this action on behalf of herself and two classes (the "Classes") defined as follows:

(i) Called Party Class: All persons in the United States and its territories who, within four years prior to the commencement of this litigation, received one or more telephone calls from Defendant on their cellular telephone featuring a prerecorded or artificial voice where the called party was not the same individual who, according to Defendant's records, provided the telephone number to Defendant; and

(ii) Revocation Class: All persons in the United States and its territories who, within four years prior to the commencement of this litigation, received one or more telephone calls from Defendant on their cellular telephone featuring a prerecorded or artificial voice after communicating to Defendant, as shown in Defendant's records, that Defendant did not have consent to make any such calls to that telephone number.

21. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Classes. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to those of the other members of the Classes.

22. Absent a class action, most members of the Classes would find the cost of litigating their claims to be prohibitive and would have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal

litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

23. Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Classes, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes, and making injunctive or corresponding declaratory relief appropriate for the Classes as a whole.

24. The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Classes are the same, resulting in injury to the Plaintiff and to all of the other members of the Classes. Plaintiff and the other members of the Classes have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct.

25. Upon information and belief, there are hundreds, if not thousands, of members of the Classes such that joinder of all members is impracticable.

26. There are many questions of law and fact common to the claims of Plaintiff and the other members of the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not limited to, the following:

    (a) Did Defendant systematically place calls using a prerecorded or artificial voice to persons that did not previously provide Defendant with consent to call their respective cellular telephone numbers?

    (b) Did Defendant systematically continue to place calls using a prerecorded or artificial voice to persons who communicated to Defendant that they did not consent to receive such calls from Defendant?

(c) Did the calls made by Defendant using a prerecorded or artificial voice violate the called parties' respective rights to privacy?

(d) Was Defendant's conduct in violation of the TCPA willful such that the members of the Classes are entitled to treble damages?

(e) Should Defendant be enjoined from continuing to engage in such conduct?

### COUNT I
### Violation of the Telephone Consumer Protection Act (47 U.S.C. 227, *et seq.*)
### on behalf of the Classes

27. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

28. Defendant made unsolicited and unauthorized telephone calls using a prerecorded or artificial voice to the cellular telephone numbers of Plaintiff and the other members of the Called Party Class.

29. Defendant also made unsolicited and unauthorized telephone calls using a prerecorded or artificial voice to the cellular telephone numbers of Plaintiff and the other members of the Revocation Class after receiving a communication requesting not to make any subsequent such calls.

30. Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

31. As a result of Defendant's illegal conduct, the members of the Classes have had their statutory and privacy rights violated and have suffered actual damages and, under 47 U.S.C. §227(b)(3)(B), are each entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

32. To the extent the Court should determine that Defendant's conduct was willful and knowing, the Court may, pursuant to §227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Revocation Class.

WHEREFORE, Plaintiff, on behalf of herself and the Classes, prays for the following relief:

    A.    An order certifying the Classes as defined above;

    B.    An award of the greater of actual or statutory damages;

    C.    An injunction requiring Defendant to cease all unauthorized automated telephone activities;

    D.    An award of reasonable attorneys' fees and costs; and

    E.    Such further and other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: June 28, 2017

Respectfully submitted,

LENA KOTLYAR, individually and on behalf of classes of similarly situated individuals

By: /s/ Evan M. Meyers
One of Plaintiff's Attorneys

Evan M. Meyers
Eugene Y. Turin
William P. Kingston
MCGUIRE LAW, P.C.
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
emeyers@mcgpc.com
eturin@mcgpc.com
wkingston@mcgpc.com